**The court incorporates by reference in this paragraph and adopts as the findings and orders of this court the document set forth below. This document was signed electronically on November 15, 2007, which may be different from its entry on the record.**

**IT IS SO ORDERED.**



**Dated: November 15, 2007**

_____
**Arthur I. Harris**
**United States Bankruptcy Judge**

_____

UNITED STATES BANKRUPTCY COURT
NORTHERN DISTRICT OF OHIO

| | | |
|---|---|---|
| In re: | ) | Case No. 05-96925 |
| | ) | |
| RAFEL ATASSI, | ) | Chapter 11 |
| | ) | |
| Debtor. | ) | Judge Arthur I. Harris |

MEMORANDUM OF OPINION[1]

Before the Court is the application of Kenneth J. Freeman Co., L.P.A. for allowance of final compensation for services rendered as counsel to the debtor for the period of November 9, 2005, through December 21, 2006, and for allowance of compensation as a Chapter 11 administrative expense claim. For the reasons that follow, the Court approves the application in the amount of $17,910.00, and allows compensation as an administrative expense claim in the amount of $12,110.00, representing the $17,910.00 fee minus the $5,800.00 retainer already paid.

---

[1] This opinion is not intended for official publication.

BACKGROUND

On November 13, 2005, attorney Kenneth J. Freeman filed a petition on behalf of the debtor under Chapter 11 of the Bankruptcy Code. On that same date, attorney Freeman filed a disclosure of compensation indicating he had received $5,800.00 prior to the filing of the case. On November 15, 2005, the debtor filed an application for employment of counsel. The application for employment indicated the debtor was seeking the employment of Kenneth J. Freeman, Co., L.P.A. (the firm) to represent him in his Chapter 11 case. The application also stated that the debtor had agreed to pay the standard hourly rate for the firm's two attorneys: $250.00 per hour for Kenneth J. Freeman, and $175.00 per hour for Paul S. Kuzmickas. On December 5, 2005, the Court entered an order authorizing the employment of the firm.

The Court's docket reflects that between November 13, 2005, and December 21, 2006, the firm filed various motions and appeared at numerous hearings on behalf of the debtor. However, at a hearing on November 21, 2006, the debtor's case was dismissed for failure to file operating reports. At that hearing, attorney Freeman represented that the debtor had not provided him with the information necessary to complete the missing reports. Sometime shortly thereafter, the debtor obtained new counsel, and according to the Court's docket,

the representation of the debtor by Kenneth J. Freeman, Co., L.P.A. terminated on December 12, 2006.

On August 23, 2007, Kenneth J. Freeman, Co., L.P.A. filed an application for allowance of final compensation for services rendered as counsel to the debtor for the period of November 9, 2005, through December 21, 2006, and for allowance of compensation as a Chapter 11 administrative expense claim. On September 4, 2007, the debtor filed a response in opposition. The debtor's response stated that the "[d]ebtor does not dispute the time that the applicant spent on the within matter." However, the response objected to the application because the debtor states the case was dismissed for failure to file operating reports which the debtor claimed to have provided to the firm in a timely manner. The debtor's response also expressed dissatisfaction with communications with the firm and displeasure in having had a motion for relief from stay granted.

The Court heard the application and the debtor's objection on November 6, 2007. At the hearing, the debtor made two specific objections to the application for compensation: (1) that the firm had over-billed by charging for two in-person meetings on November 12, 2005; and (2) that the firm had over-billed for charging for credit counseling research on November 10, 2005. The Court also heard argument from attorney Freeman. The Court is now ready to rule.

3

DISCUSSION

The final fee application submitted by Kenneth J. Freeman, Co., L.P.A. seeks compensation pursuant to 11 U.S.C. § 330, which provides that, after notice and hearing, a court may award "reasonable compensation for actual, necessary services" rendered by professionals and "reimbursement for actual, necessary expenses." 11 U.S.C. § 330(a)(1)(A) and (B). Section 330 further provides that, in determining the amount of reasonable compensation to be awarded to a professional person, "the court shall consider the nature, the extent, and the value of such services, taking into account all relevant factors . . ." 11 U.S.C. § 330(a)(3). In calculating the reasonable fees to be awarded under 11 U.S.C. § 330, this Court uses the lodestar method. *See In re Boddy*, 950 F.2d 334, 337 (6th Cir. 1991) (adopting lodestar method of fee calculation for bankruptcy cases). The lodestar amount "is calculated by 'multiplying the attorney's reasonable hourly rate by the number of hours reasonably expended.' " *In re Boddy*, 950 F.2d at 337, *quoting Grant v. George Schumann Tire & Battery Co.*, 908 F.2d 874 (11th Cir. 1990).

In this case, the Court finds the total fees submitted by the firm are reasonable. At the hearing on November 6, 2007, the debtor made only two specific objections to the application for compensation. First, the debtor stated that the firm overcharged him by billing for two client meetings on November 12,

4

2005. The debtor testified that he had never met with attorney Freeman on two occasions in the same day. However, attorney Freeman explained that the two meetings on November 12, 2005, occurred because the debtor came to the office in the morning to complete his credit counseling briefing but had to leave and return later that same evening due to server problems with the online briefing. Although the debtor testified that he was certain he never appeared in attorney Freeman's office twice within the same day, he replied to attorney Freeman's question by stating he could not remember that specific day. Second, the debtor objected to a charge on November 10, 2005, which was described as, "researched bankruptcy law on Chapter 11's and credit counseling." The debtor objected to this specific charge stating that he had never met with attorney Kuzmickas and did not complete credit counseling with this attorney on this particular date. However, attorney Freeman explained that the line item on November 10, 2005, was for research conducted by attorney Kuzmickas concerning under what circumstances a debtor might be excused from completing credit counseling prior to filing under Chapter 11.

    The remainder of the debtor's testimony expressed general objections to the fees, including his belief that the firm did not provide his 2002 tax return to the IRS. The Court received into evidence copies of two letters from attorney

5

05-96925-aih    Doc 143    FILED 11/15/07    ENTERED 11/16/07 08:53:35    Page 5 of 7

Freeman's office referencing the 2002 tax return, establishing to the Court's satisfaction that the return was in fact mailed to the IRS on January 25, 2006, and that while the return was filed, an amended return was needed. The debtor concluded that in his opinion, the firm should be awarded no compensation for the work done in his case.

A review of the record in this case indicates that the particular charges listed in the firm's application for compensation correlate with filings in the debtor's bankruptcy case. Each specific objection made by the debtor was satisfactorily rebutted by attorney Freeman. Although the debtor expressed dissatisfaction with attorney Freeman, the firm, and having a motion ruled against him, these objections fail to demonstrate that attorney Freeman should be denied the compensation agreed upon for the hours spent on this case. Additionally, the Court notes that in the debtor's objection to the application the debtor stated he does not dispute that the firm indeed spent the 76.20 hours detailed in Exhibit C attached to the application.

Taking into account all relevant facts as required under 11 U.S.C. § 330, the Court concludes that the amount requested is "reasonable compensation" consistent with the statutory provisions of section 330 and the lodestar determinations required under *Boddy*. Therefore, the Court approves the

application in the amount of $17,910.00, and allows compensation as an administrative expense claim in the amount of $12,110.00, representing the $17,910.00 fee minus the $5,800.00 retainer already paid.

CONCLUSION

For the reasons stated above, the Court concludes that Kenneth J. Freeman Co., L.P.A. satisfied its burden of establishing its entitlement to the above-mentioned fees.  Therefore, the Court approves the application in the amount of $17,910.00, and allows compensation as an administrative expense claim in the amount of $12,110.00, representing the $17,910.00 fee minus the $5,800.00 retainer already paid.

IT IS SO ORDERED.